## Commonwealth v. Scutella

*Shad A. Connelly, Assistant District Attorney,* for Commonwealth.

*Angelo D. Arduini,* for defendant.

NYGAARD, *J.,* May 5, 1982—This matter comes before the court on a motion to suppress filed by defendant, requesting that the court issue an order suppressing any and all results of tests performed on the blood of defendant tending to show alcohol content.

Defendant is charged with one count of driving under the influence. Patrolman Thomas C. McDonald, traffic investigator for the Erie Police Department, was called to investigate an accident in the area of 25th and Peach Streets on July 4, 1981, at approximately 3:00 a.m. When he arrived at the scene of the accident, he found a vehicle torn in half from the force of collision and that the driver of the automobile had been removed by ambulance to St. Vincent Health Center. The patrolman conducted an on-scene investigation and interviewed witnesses at the scene. He then proceeded to the St. Vincent Health Center. Upon arriving at the St. Vincent Health Center, the patrolman was unable to interview defendant, James A Scutella, for the reason that he was denied access, defendant being prepared for surgery.

Ten days later, on Tuesday, July 14, 1981, Officer McDonald subpoenaed the results of any blood alcohol test that the hospital may have conducted on defendant. Neither the police officer nor any representative of any authority requested that the hospital personnel draw blood from the said defendant nor perform any tests on the blood for blood alcohol content.

An examination of the medical records submitted at the time of the suppression hearing showed that blood was drawn to perform tests for "medical" reasons and not pursuant to any order or request from any authority other than the Medical Center itself.

Defendant was not arrested on the night of the accident. A criminal complaint was filed against him by summons on August 5, 1981, approximately 30 days after the accident had occurred. This summons was issued pursuant to the result of a blood alcohol test performed at the hospital, which showed a blood alcohol level of .198 percent.

Defendant alleges that the Commonwealth failed to obtain defendant's permission to administer the blood test. All parties and the court agree that no such permission was given.

The Commonwealth contends that it need not obtain permission from the defendant to administer the blood test in cases such as this, for the reason that the Commonwealth had nothing to do with either the seizure of the blood from the defendant or the testing of the blood. This is supported by the testimony of the patrolman, which revealed that neither the officer nor any member of the Erie Police Department was aware that tests had been performed, nor of the results of the tests up until the time they were subpoenaed from the hospital.

Further, based upon the testimony at the time of the suppression hearing, the court concludes that:

1. The Commonwealth did not participate in the seizure of the blood from defendant, nor in any of its testing;

2. The hospital was not acting in any respect as an agent for the Commonwealth;

3. The Commonwealth did not direct the hospital to act at any time during these proceedings to draw blood or to perform any other test or measure on defendant; and

4. The actions of the hospital in taking of the blood and testing it was done by the hospital for medical reasons and not pursuant to any police direction, request or knowledge.

First of all, the court concludes that there was no violation of any right or expectation of privacy on the part of defendant by the subpoena of these records: 28 Pa. Code §115.28.

The primary issue here is not that of the consent of defendant. All agree that there was no valid con-

sent. The sole issue now for determination is whether or not the Commonwealth can use the results of tests, subpoenaed from the hospital, when such tests were made for "medical" reasons, not pursuant to any request, order, or any participation whatever by the Commonwealth.

The court concludes that this evidence is not suppressible and that the Commonwealth may use the results of such tests at the trial of the accused for driving while intoxicated.

Defendants cites Commonwealth v. Thompson, 292 Pa. Superior Ct. 108, 436 A. 2d 1028 (1981). In the Thompson case, the Superior Court suppressed the results of a blood alcohol test which was given him pursuant to a request by the police department to determine the amount of alcohol in his body. The results of that case turned around the validity of defendant's consent to search. In that case, the court concluded that defendantw as incoherent and could not have given a "knowing" consent to the search. We conclude that the opinion of the Superior Court in Thompson is not controlling of the decision in this case. This court holds that blood taken from defendant for medical reasons, may be subpoenaed for use at trial, whether or not defendant consented thereto, when the Commonwealth in no way ordered, requested, urged, or in any way participated in the drawing or the testing of the blood. Oftentimes defendants, their attorneys, and regrettably some courts forget that justice is not a one way street. The interest of justice in every court must involve a duty to protect the law-abiding community, *as well as* the basic rights of an accused to a fair trial. The law places no such restrictions upon the Commonwealth, as argued by defendant in this case. Accordingly, the motion is denied.

## ORDER

And now, May 5, 1982, the motion of defendant to suppress the results which alcohol made upon his blood is denied.